**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**JUAN CORONA JUÁREZ, WENDY AGUILAR,**          Case No. 21 Civ. 2633
**CARLOS GARCIA BELLO, EULISES**
**MIRANDA CASTREJON, BERTIN DURAN,**
**JUAN LOPEZ GOMEZ, DARIO MARTINEZ,**
**JERONIMO JIMENEZ DE LA CRUZ, MARIA**
**CARMEN PASTOR JIMENEZ, MARCELO**               **CLASS AND**
**JUÁREZ JUÁREZ, ERICK PÉREZ, PLACIDO**          **COLLECTIVE ACTION**
**GONZALEZ NAVA, VENANCIO**                       **COMPLAINT**
**GONAZALEZ, DAVID RUIZ, HONORIO**
**SANCHEZ DE LOS SANTOS, LUDIN**
**MORALES, JAVIER VELAZQUEZ,**
**individually and on behalf of others similarly**
**situated,**

                        **- against -**

**CENTRAL YETEV LEV D'SATMAR MEAT,**
**INC.,**

------------------------------------------------------------------X

        Plaintiffs Wendy Aguilar, Carlos Garcia Bello, Eulises Miranda Castrejon, Bertin

Duran, Juan Lopez Gomez, Dario Martinez, Jeronimo Jimenez De La Cruz, Maria

Carmen Pastor Jimenez, Juan Corona Juárez, Marcelo Juárez Juárez, Erick Pérez, Placido

Gonzalez Nava, Venancio Gonazalez, David Ruiz, Honorio Sanchez De Los Santos,

Ludin Morales, Javier Velazquez (hereinafter collectively referred to as "Plaintiffs"),

individually and on behalf of others similarly situated, by and through their attorneys,

The Law Offices of Fausto E. Zapata, Jr., P.C., and The Law Office of Retu Singla, P.C.,

A Working Peoples Law Center upon their knowledge and belief, and as against Central

Yetev Lev D'Satmar Meat, Inc., (hereinafter referred to as "Defendant"), allege as

follows:

## INTRODUCTION

1.     This lawsuit seeks to enforce the Plaintiffs' and similarly situated kitchen and food delivery workers' statutory right to be paid premium overtime wages equal to one and one-half times their respective regular hourly rates of pay for all hours worked in excess of 40 in a workweek, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and New York Labor Law § 190, et seq. ("NYLL").

2.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former kitchen workers who opt-in to this action pursuant to the FLSA specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages (hereinafter referred to as the "FLSA Class".)

3.     Plaintiffs also bring the following New York Labor Law (hereinafter referred to as "NYLL") claims as a class action on behalf of current and former workers, pursuant to Federal Rule of Civil Procedure, Rule 23 (hereinafter "NYLL Class"): (i) unpaid overtime wages from Defendant for hours worked in excess of 40 in a workweek pursuant to the NYLL §§ 190 and 650, *et seq*. and the New York State Department of Labor's Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, *et seq*. ("Wage Order"); (ii) spread of hours wages for days worked in excess of 10 or more hours per day for which Defendant did not pay an extra hour of pay, as required by the NYLL and the Wage Order; (iii) damages for Defendant's failure to provide Plaintiffs with a notice of wages pursuant to NYLL §§ 195(1)(a) and 195(3); and,

(iv) attorneys' fees and costs, pre-judgment and post-judgment interest, as well as both liquidated and punitive damages pursuant to NYLL.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under the laws of the United States, i.e., 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because the rights contained in the FLSA were created by Congress using its power to regulate commerce.

5.   This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims in this action that they form part of the same controversy under Article III of the United States Constitution.

6.   This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8.   Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b).

9.   Plaintiff Juan Corona Juárez resides in Kings County, New York.

10.  Plaintiff Juan Corona Juárez has been employed by Defendant as a Kitchen Worker since in or around February 2013.

11.  Plaintiff Wendy Aguilar resides in Kings County, New York.

12.   Plaintiff Wendy Aguilar has been employed by Defendant as a Kitchen Worker since in or around April 2019.

13.   Plaintiff Carlos Garcia Bello resides in Kings County, New York.

14.   Plaintiff Carlos Garcia Bello has been employed by Defendant as a Kitchen Worker since 2020.

15.   Plaintiff Eulises Miranda Castredon resides in Nassau County, New York.

16.   Plaintiff Eulises Miranda Castredon has been employed by Defendant as a Kitchen Worker since in or around 2015.

17.   Plaintiff Bertin Duran resides in Kings County, New York.

18.   Plaintiff Bertin Duran has been employed by Defendant as a Kitchen Worker since in or around February 2017.

19.   Plaintiff Juan Lopez Gomez resides in Kings County, New York.

20.   Plaintiff Juan Lopez Gomez has been employed by Defendant as a Kitchen Worker since in or around 2018.

21.   Plaintiff Dario Martinez resides in Kings County, New York.

22.   Plaintiff Dario Martinez has been employed by Defendant as a Kitchen Worker since in or around 2011.

23.   Plaintiff Jeronimo Jimenez De La Cruz resides in Kings County, New York.

24.   Plaintiff Jeronimo Jimenez De La Cruz has been employed by Defendant as a Kitchen Worker since in or around August 2019.

25.   Plaintiff Maria Carmen Pastor Jimenez resides in Queens County, New York.

26. Plaintiff Maria Carmen Pastor Jimenez has been employed by Defendant as a Kitchen Worker from 2016 through 2018 and again more recently in this year, 2021.

27. Plaintiff Marcelo Juárez Juárez resides in Kings County, New York.

28. Plaintiff Marcelo Juárez Juárez has been employed by Defendant as a Kitchen Worker since in or around 2017.

29. Plaintiff Erick Pérez resides in Kings County, New York.

30. Plaintiff Erick Pérez has been employed by Defendant as a Kitchen Worker since in or around April 2019.

31. Plaintiff Placido Gonzalez Nava resides in Kings County, New York.

32. Plaintiff Placido Gonzalez Nava has been employed by Defendant as a Kitchen Worker since in or around 2019.

33. Plaintiff Venancio Gonzalez resides in Kings County, New York.

34. Plaintiff Venancio Gonzalez has been employed by Defendant as a Kitchen Worker from 2014 through 2016 and again in 2019 to present.

35. Plaintiff David Ruiz resides in Kings County, New York.

36. Plaintiff Ruiz has been employed by Defendant as a Kitchen Worker since in or around 2010.

37. Plaintiff Honorio Sanchez de los Santos resides in Kings County, New York.

38. Plaintiff Honorio Sanchez de los Santos has been employed by Defendant as a Kitchen Worker since in or around 2013.

39. Plaintiff Ludin Morales resides in Kings County, New York.

40.   Plaintiff Ludin Morales has been employed by Defendant as a Kitchen Worker since in or around 2019

41.   Plaintiff Javier Velazquez resides in Kings County, New York.

42.   Plaintiff Javier Velazquez has been employed by Defendant as a Kitchen Worker since in or around 2012.

43.   Plaintiffs' claims in the instant action are based upon the allegations herein as representative parties of a prospective class of similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

44.   Defendant Central Yetev Lev D'Satmar Meat, Inc., is a domestic business entity duly existing under the laws of the State of New York.

45.   At all relevant times, Defendant owned, operated, or controlled three meat markets where they sell and deliver a wide variety of cooked and uncooked food, for human consumption, to the public and commercial businesses as part of its catering business and counter service delicatessen.

46.   At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs.

47.   At all relevant times, Defendant maintained control, oversight, and direction over the NYLL Class and the FLSA Class (hereinafter collectively referred to as "FLSA/NYLL Class"), including timekeeping, payroll and other employment practices that applied to them.

48.   At all relevant times, Plaintiff's and the FLSA/NYLL Class's workweek consisting of seven consecutive days beginning on Sunday.

49. Upon information and belief, Defendant applied the same employment policies, practices and procedures to all employees who performed the same or similar duties as Plaintiffs, and the FLSA/NYLL Class, with respect to payment of minimum wage and overtime compensation.

50. At all relevant times herein, Plaintiffs were each an "employee" within the meaning of 29 U.S.C. § 203(e).

51. At all relevant times herein, Defendant employed Plaintiffs and the FLSA/NYLL Class as "non-service employees", within the meaning of the Wage Order, 12 N.Y.C.R.R. § 146-3.3.

52. At all relevant times herein, Plaintiffs and the FLSA/NYLL Class were "employees" of Defendant, as within the meaning of NYLL § 2(5).

53. At all relevant times herein, Plaintiffs and the FLSA/NYLL Class were "employees" of Defendant, within the meaning of NYLL § 190(2).

54. At all relevant times herein, Plaintiffs and the FLSA/NYLL Class were "employees" of Defendant, within the meaning of NYLL § 651(5).

55. At all relevant times herein, Plaintiffs and the FLSA/NYLL Class were "employees" of Defendant, within the meaning of the Wage Order, 12 N.Y.C.R.R. § 146.3.2(a).

56. At all relevant times herein, Defendant was an "employer" of Plaintiffs and the FLSA Class within the meaning of 29 U.S.C. § 203(d).

57. At all relevant times herein, Defendant was a "restaurant" within the meaning of the Wage Order, 12 N.Y.C.R.R. § 146-3.1(b).

58. At all relevant times herein, Defendant was an "employer," of Plaintiffs, the FLSA
Class, and NYLL Class, within the meaning of NYLL § 2(6).

59. At all relevant times herein, Defendant was an "employer," of Plaintiffs, the FLSA
Class, and NYLL Class, within the meaning of NYLL § 190(3).

60. At all relevant times herein, Defendant was an "employer," of Plaintiffs, the FLSA
Class, and NYLL Class, within the meaning of NYLL § 651(6).

61.  At all relevant times herein, Plaintiffs, the FLSA Class, and NYLL Class were
"employed" by Defendant, as defined by NYLL § 2(7).

62. At all times relevant herein, Defendant Central Yetev Lev D'Satmar Meat, Inc. was
an "enterprise" within the meaning of 29 U.S.C. § 203(r).

63. At all relevant times herein, Defendant Central Yetev Lev D'Satmar Meat, Inc. was
an "enterprise engaged in commerce or in the production of goods for commerce"
within the meaning of 29 U.S.C. § 203(s)(1).

64. At all relevant times herein, Defendant has been within the meaning of a "person"
as defined in 29 U.S.C. § 203(a).

65. At all relevant times herein, Plaintiffs and the FLSA Class were employees engaged
or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206
– 207.

66. At all relevant times herein, Defendant has been, and continues to be, an employer
engaged in interstate commerce and/or the production of goods for commerce
within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

67. Upon information and belief, at all relevant times herein, Defendant had gross
annual revenues in excess of $500,000.00.

68. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiffs and the FLSA/NYLL Class.

**<u>COLLECTIVE ACTION CLAIMS</u>**

69. Plaintiffs brings the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who have worked, in the past or currently, as kitchen or delivery workers or have performed the duties of kitchen or delivery workers who elect to opt-in to this action.

70. The FLSA Class consists of at least 30 similarly situated current and former employees of Defendant who have been victims of Defendant's common policy and practice that have violated their rights under the FLSA.

71. Defendant maintained a policy and pattern or practice of intentionally refusing to pay Plaintiffs and the FLSA Class premium overtime compensation, equal to at least one and a half times the statutory minimum wage, for all hours worked beyond 40 per workweek.

72. All of the work that Plaintiffs and the FLSA Class have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Class have performed.

73. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Class.  This policy or practice includes:

   a) willfully failing to pay its employees, including Plaintiffs and the FLSA Class, premium overtime pay equal to one and one-half times their regular hourly rate of pay for all hours that they worked in excess of 40 hours in a workweek;

b) failing to pay employees spread-of-hour compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than ten hours; and,

c) failing to maintain accurate records of hours worked by employees as required by the FLSA.

74. Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice minimizing labor costs by failing to record the hours employees work.

75. Defendant is aware, or should have been aware, that federal law required Defendant to pay employees performing non-exempt duties the statutory minimum wage and overtime premium for hours worked in excess of 40 per workweek.

76. Plaintiffs and the FLSA Class perform or performed the same primary duties.

77. Defendant's unlawful conduct has been widespread, repeated, and consistent.

78. The FLSA Class would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to the Defendant, are readily identifiable, and locatable through Defendant's records.

79.  Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

80.   Plaintiffs brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked for Defendant as deli workers, delivery workers, and kitchen workers who performed kitchen duties for Defendant's catering, delivery, and delicatessen services and/or business, including, cutting and packaging meat and poultry; preparing and cooking poultry, liver, fish, and beef dishes; making, preparing, and packaging hot and cold salads; preparing and cooking soups; preparing and making sandwiches; receiving and preparing food orders, including sandwiches and salads, at the delicatessen counter; removing expired food products within the delicatessen; cleaning and washing dishes, pots, pans, preparing food deliveries, and delivering food to customers, between May 6, 2015, and the date of final judgment in this matter.

81.   Excluded from the NYLL Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant Central Yetev Lev D'Satmar Meat, Inc., and all other persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

82.   The members of the NYLL Class are so numerous that joinder of all members is impracticable.

83. Upon information and belief, the size of the NYLL Class is at least 30 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

84. Defendant has acted or has refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

85. Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting them individually and include, but are not limited to the following:

    i. Whether Defendant violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

    ii. Whether Defendant failed to pay Plaintiffs and the NYLL Class overtime wages to which they were entitled in violation of the Wage Order, 12 N.Y.C.R.R. § 146-1.4;

    iii. Whether Defendant failed to furnish Plaintiffs and the NYLL Class with an accurate statement of wages, hours worked, rates paid, gross wages, and overtime rate of pay as required by NYLL § 195(3);

    iv. Whether Defendant failed to furnish Plaintiffs and the NYLL Class with a notice of terms of employment, as required by NYLL §§ 195(1) and 195(2);

v.    Whether Defendant failed to pay Plaintiffs and the NYLL Class less than the wage to which they were entitled in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (spread of hour);

vi.   Whether Defendant's policy of failing to pay workers all of the wages earned, in compliance with NYLL, was instituted willfully or with reckless disregard of the law; and,

vii.  The nature and extent of class-wide injury and the measure of damages for those injuries.

86.  The claims of Plaintiffs are typical of the claims of the NYLL Class Plaintiffs seek to represent.

87.  Plaintiffs and all the NYLL Class members work, or have worked, for Defendant as delicatessen workers, kitchen workers, and delivery workers, or whose primary duties are described above.

88.  Plaintiffs and the NYLL Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to receive accurate paycheck wage statements.

89.  Plaintiffs and the NYLL Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

90.  Plaintiffs and the NYLL Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

91.  Plaintiffs will fairly and adequately represent and protect the interests of the members of the NYLL Class.

92. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.

93. Plaintiffs recognize that as class representatives, they must represent and consider the interest of the class just as they would represent and consider their own interests.

94. Plaintiffs understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over the class.

95. Plaintiffs recognize that any resolution of a class action must be in the best interests of the class.

96. Plaintiffs understand that in order to provide adequate representation they must be informed of the developments of the litigation, cooperate with class counsel, and testify at deposition and/or trial.

97. Plaintiffs have retained counsel competent and experienced in complex large-scale wage and hour litigation.

98. There is no conflict between Plaintiffs and the NYLL members.

99. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

100. The members of the NYLL Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL, as well as their common and uniform policies, practices, and procedures.

101. Although the relative damages suffered by individual NYLL Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

102. The individual Plaintiffs, the NYLL Class, lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.

103. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

104. This action is properly maintained as class action under Federal Rule of Civil Procedure 23(d)(3).

105. The exact number of such individuals is presently unknown, but is known by Defendant and can be ascertained through the discovery process.

## FACTUAL ALLEGATIONS

106. Plaintiffs work at Defendant's store located at 684 Myrtle Avenue, Brooklyn, New York, 11205.

107. Defendant employs numerous workers, including Plaintiffs, engaged in various aspects of Defendant's business, which can be divided into its meat market and its deli, where it sells ready-to-eat food products, such as cooked meats and prepared salads.

108. Defendant prepares and offers food and beverage for human consumption by providing catering services to the public.

109. Defendant prepares and offers food and beverage for human consumption by providing counter service at its delicatessen.

110. Defendant provides delivery services to the public and delivers food that it prepares for human consumption to its customers.

111. Defendant owns, operate, or control locations out of which Defendant operates its delicatessen, catering, and food delivery business.

112. At all relevant times, eleven or more employees worked for Defendant, thereby making Defendant a large employer, pursuant to the Wage Order, 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a).

113. Plaintiff Wendy Aguilar's primary duties as an employee involve making, preparing, and packaging salads and preparing and cooking and/or making knishes and sandwiches for Defendant's catering, delivery, and delicatessen services and/or business.

114. Plaintiff Carlos Garcia Bello's primary duties as an employee involve receiving deliveries from vendors, cleaning and washing dishes, pots, pans, etc., and preparing and packaging food deliveries for Defendant's catering, delivery, and delicatessen services and/or business.

115. Plaintiff Eulises Miranda Castredon's primary duties as an employee involve cutting and packaging poultry for Defendant's catering, delivery, and delicatessen services and/or business.

116. Plaintiff Bertin Duran's primary duties as an employee involve ensuring the quality of salads based on recommended date of sale, order supplies, put prices on products in Defendant's delicatessen for Defendant's catering, delivery, and delicatessen services and/or business.

117. Plaintiff Juan Lopez Gomez's primary duties as an employee involve delivering food to customers for Defendant's catering, delivery, and delicatessen services and/or business.

118. Plaintiff Dario Martinez's primary duties as an employee involve cutting and packaging meat and poultry for Defendant's catering, delivery, and delicatessen services and/or business.

119. Plaintiff Jeronimo Jimenez De La Cruz's primary duties as an employee involve washing dishes, receive deliveries from vendors, and prepare deliveries for Defendant's catering, delivery, and delicatessen services and/or business.

120. Plaintiff Maria Carmen Pastor Jimenez's primary duties as an employee involve making and preparing salads and cutting, preparing, and cooking soups and poultry for Defendant's catering, delivery, and delicatessen services and/or business.

121. Plaintiff Juan Corona Juárez's primary duties as an employee involve cutting and packaging poultry for Defendant's catering, delivery, and delicatessen services and/or business.

122. Plaintiff Marcelo Juárez Juárez's primary duties as an employee involve preparing and packaging food deliveries for Defendant's catering, delivery, and delicatessen services and/or business.

123. Plaintiff Erick Peréz's primary duties as an employee involve making and preparing salads for Defendant's catering, delivery, and delicatessen services and/or business.

124. Plaintiff Placido Gonzalez Nava's primary duties as an employee involve making hot and cold salads and cutting, preparing, and cooking poultry and fish dishes for Defendant's catering, delivery, and delicatessen services and/or business.

125. Plaintiff Venancio Gonzalez's primary duties as an employee involve preparing and packaging food deliveries for Defendant's catering, delivery, and delicatessen services and/or business.

126.  Plaintiff David Ruiz's primary duties as an employee involve cutting and packaging poultry for Defendant's catering, delivery, and delicatessen services and/or business.

127.  Plaintiff Honorio Sanchez de los Santos's primary duties as an employee involve cutting and packaging meat and poultry for Defendant's catering, delivery, and delicatessen services and/or business.

128.   Plaintiff Ludin Morales's primary duties as an employee involve receiving customers' delicatessen food orders and preparing food sold as part of Defendant's catering, delivery, and delicatessen services and/or business.

129.  Plaintiff Javier Velazquez's primary duties as an employee involve cutting, preparing, and cooking poultry and beef dishes for Defendant's catering, delivery, and delicatessen services and/or business.

130.  At all relevant times to this Collective and Class Action Complaint, Defendant maintained a policy and practice of requiring Plaintiffs and the FLSA/NYLL Class to work in excess of forty (40) hours per week without providing overtime compensation required by federal and state laws, and related rules and regulations.

131.   As part of the terms and conditions of employment with Defendant, Plaintiffs are provided with two breaks, a 15-minute and 45-minute breaks, during the workday.

132.  Defendant maintained a pattern and practice of omitting, in its calculation of overtime pay, 15-minute rest periods that Plaintiffs enjoyed and compensating Plaintiffs for these rest periods on a straight-time basis, including occasions where Plaintiffs worked in excess of 40-hours in a workweek, excluding the 15-minute rest periods.

133. By virtue of Defendant's practice of paying Plaintiffs straight time for breaks lasting less than 20 minutes, Defendant was underpaying Plaintiffs for 15-minutes each day, or up to 1-hour and 15-minutes each week, in violation of 29 C.F.R. § 785.18, on those occasions where Plaintiffs worked in excess of 40-hours in a workweek.

134. Defendant maintained a policy and practice of refusing to pay Plaintiffs and the FLSA/NYLL Class *spread of hours* pay on those occasions where they worked in excess of 10 hours in a workday.

135. Defendant was aware or should have been aware that it was not fully compensating the Plaintiffs for their labor.

136. During the workweek beginning in or around February 20, 2021, Plaintiff Wendy Aguilar worked approximately 50 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

137. During the workweek beginning in or around February 20, 2021, Plaintiff Wendy Aguilar worked approximately 50 hours and on at least three occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

138. During the workweek beginning in or around January 30, 2021, Plaintiff Eulises Miranda Castrejon worked approximately 42 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

139. During the workweek beginning in or around March 17, 2018, Plaintiff Eulises Miranda Castrejon worked approximately 70.79 hours and on at least four occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

140. During the workweek beginning in or around December 26, 2020, Plaintiff Bertin Duran worked approximately 57 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

141. During the workweek beginning in or around  December 26, 2020, Plaintiff Bertin Duran worked approximately 57 hours and on at least three occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

142. During the workweek beginning in or around February 28, 2021, Plaintiff Carlos Garcia Bello worked approximately 49 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

143. During the workweek beginning in or around February 28, 2021, Plaintiff Carlos Garcia Bello worked approximately 49 hours and on at least two occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

144. During the workweek beginning in or around November 21, 2020, Plaintiff Placido Gonzalez Nava worked approximately 54 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

145. During the workweek beginning in or around November 21, 2020, Plaintiff Placido Gonzalez Nava worked approximately 54 hours and on at least three occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

146. During the workweek beginning in or around March 28, 2020, Plaintiff Venancio Gonzalez worked approximately 57 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

147. During the workweek beginning in or around July 27, 2019, Plaintiff Venancio Gonzalez worked approximately 61 hours and on at least five occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

148. During the workweek beginning in or around January 11, 2020, Plaintiff Jeronmio Jimenez De La Cruz worked approximately 52 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and

fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

149. During the workweek beginning in or around October 26, 2019, Plaintiff Jeronmio Jimenez De La Cruz worked approximately 57 hours and on at least five occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

150. During the workweek beginning in or around January 30, 2021, Plaintiff Maria Carmen Pastor Jimenez worked approximately 43 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

151. During the workweek beginning in or around May 20, 2017, Plaintiff Maria Carmen Pastor Jimenez worked approximately 60 hours and on at least five occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

152. During the workweek beginning in or around February 28, 2021, Plaintiff Marcelo Juárez Juárez worked approximately 49 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

153.  During the workweek beginning in or around  February 28, 2021, Plaintiff Marcelo

Juárez Juárez worked approximately 49 hours and on at least three occasions,

worked in excess of 10 hours in a single day and did not receive spread of hour pay

equal to one-hour's pay at the statutory minimum hourly rate of pay on these

occasions.

154.  During the workweek beginning in or around November 28, 2020, Plaintiff Juan

Corona Juárez worked approximately 47 hours in a workweek, and was paid on a

straight time basis instead of an overtime basis for approximately 1 hour and fifteen

minutes as a result of Defendant's practice of omitting 15-minute breaks in its

calculation of overtime pay.

155.  During the workweek beginning in or around May 28, 2016, Plaintiff Juan Corona

Juárez worked approximately 60 hours and on at least five occasions, worked in

excess of 10 hours in a single day and did not receive spread of hour pay equal to

one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

156.  During the workweek beginning in or around August 1, 2020, Plaintiff Juan Gomez

Lopez worked approximately 44 hours in a workweek, and was paid on a straight

time basis instead of an overtime basis for approximately 1 hour and fifteen minutes

as a result of Defendant's practice of omitting 15-minute breaks in its calculation of

overtime pay.

157.  During the workweek beginning in or around  February 17, 2018, Plaintiff Juan

Lopez Gomez worked approximately 57 hours and on at least three occasions,

worked in excess of 10 hours in a single day and did not receive spread of hour pay

equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

158. During the workweek beginning in or around February 28, 2021, Plaintiff Dario Martinez worked approximately 50 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

159. During the workweek beginning in or around January 27, 2018, Plaintiff Dario Martinez worked approximately 55 hours and on at least four occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

160. During the workweek beginning in or around February 28, 2021, Plaintiff Erick Pérez worked approximately 44 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

161. During the workweek beginning in or around February 28, 2021, Plaintiff Erick Pérez worked approximately 44 hours and on at least four occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

162. During the workweek beginning in or around March 13, 2021, Plaintiff David Ruiz worked approximately 57 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a

result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

163. During the workweek beginning in or around January 19, 2019, Plaintiff David Ruiz worked approximately 55 hours and on at least four occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

164. During the workweek beginning in or around February 2, 2019, Plaintiff Honorio Sanchez De Los Santos worked approximately 47 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

165. In or around December 2018, Plaintiff Honorio Sanchez De Los Santos worked approximately 60 hours in a workweek and on at least four occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

166. During the workweek beginning in or around November 16, 2019, Plaintiff Ludin Morales worked approximately 43 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

167. During the workweek beginning in or around February 28, 2021, Plaintiff Ludin Morales worked approximately 50 hours and on at least three occasions, worked in

excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

168. During the workweek beginning in or around February 28, 2021, Plaintiff Javier Velazquez worked approximately 55 hours in a workweek, and was paid on a straight time basis instead of an overtime basis for approximately 1 hour and fifteen minutes as a result of Defendant's practice of omitting 15-minute breaks in its calculation of overtime pay.

169. During the workweek beginning in or around February 28, 2021, Plaintiff Javier Velazquez worked approximately 55 hours and on at least three occasions, worked in excess of 10 hours in a single day and did not receive spread of hour pay equal to one-hour's pay at the statutory minimum hourly rate of pay on these occasions.

170. Defendant knew that the foregoing acts violated the NYLL, and would economically injure Plaintiffs and the NYLL Class.

171. Defendant committed the foregoing acts against Plaintiffs and the NYLL Class knowingly, intentionally and willfully.

172. At all relevant times herein, Defendant failed to maintain accurate recordkeeping of the hours worked and also failed to pay Plaintiffs and the FLSA/NYLL Class appropriately for all hours worked, either at the applicable statutory minimum hourly rate of pay or for any additional overtime premium at the minimum statutory rate.

173. Defendant's conduct extended beyond Plaintiffs and the FLSA/NYLL Class.

174. Defendant failed to notify Plaintiffs and the NYLL Class, in writing, in English and in Plaintiffs' primary language, at the time of hiring of the following information:

(1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

175. Defendant failed to notify Plaintiffs and the NYLL Class, in writing, in English and in Plaintiffs' primary language, when their wages increased of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(2).

176. Plaintiffs' primary language is Spanish.

177. At all relevant times herein, Defendant issued Plaintiffs and the NYLL Class paystubs that did not conform to NYLL § 195(3 by failing to accurately identify the number of hours that Plaintiffs and the NYLL Class worked in workweek.

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**OVERTIME VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND FLSA CLASS)**

178. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

179. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations apply to Defendant and protect Plaintiffs and the FLSA Class.

180. Defendant failed to pay Plaintiffs and the FLSA Class overtime wages for all of the hours they worked in excess of 40 hours in a workweek.

181. Defendant's unlawful conduct, as described in the instant Class and Collective Action Complaint, has been willful and intentional.

182. Defendant was aware or should have been aware that the practices described in the Class and Collective Action Complaint were unlawful.

183. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Class.

184. Due to Defendant's willful violations of the FLSA, a three-year statute of limitations, pursuant to 29 U.S.C. § 255, applies.

185. As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Class have been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**VIOLATIONS OF THE OVERTIME PROVISIONS**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

186. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

187. The overtime wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

188. Defendant failed to pay Plaintiffs and the members of the NYLL Class overtime wages to which they are entitled under the NYLL and the Wage Order.

189. Through their knowledge or intentional failure to pay Plaintiffs and the members of the NYLL Class overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and the Wage Order, 12 N.Y.C.R.R. § 146-1.4.

190. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### WAGE STATEMENT PROVISION
### (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

191. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

192. The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

193. Defendant failed to provide Plaintiffs and the members of the NYLL Class with accurate written statements concurrent with payment of wages that listed, *inter alia,* the number of regular and overtime hours worked, to which they are entitled under the NYLL § 195(3) and Wage Order.

194. Through their knowledge or intentional failure to provide Plaintiffs and the members of the NYLL Class with wage statements, Defendant has willfully violated the NYLL Article 6 §§ 195 *et seq*.

29

195. Due to Defendant's violations of the NYLL § 195(3), Plaintiffs and the members of the NYLL Class are entitled to recover from Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**NOTICE AND RECORDKEEPING REQUIREMENT**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

196. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

197. The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

198. Defendant failed to provide Plaintiffs and the members of the NYLL Class with a written notice, in English and in Spanish, at the time that they were hired and when their hourly rate of pay changed, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §§ 195(1) and 195(2).

199. Through their knowledge or intentional failure to provide Plaintiffs and the members of the NYLL Class with notice statements, Defendant has willfully violated the NYLL Article 6 § 195(1).

200. Due to Defendant's violations of the NYLL § 195(1), Plaintiffs and the members of the NYLL Class are entitled to recover from Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR**
**SPREAD OF HOURS WAGE ORDER VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

201. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

202. Defendant's willfully violated Plaintiff's and the members of the NYLL Class rights by failing to pay them spread of hours compensation of one additional hour of pay at the basic minimum hourly rate of pay when their workday lasted longer than ten hours, in accordance with the NYLL and the Wage Order, 12 N.Y.C.R.R. § 146-1-6.

203. Defendant's NYLL violations have caused Plaintiffs and the members of the NYLL Class irreparable harm for which there is no adequate remedy at law.

204. Due to Defendant's NYLL violations, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendant unpaid compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to NYLL §§ 663 and 198.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated

persons, respectfully requests that this Court grant the following relief:

a)  Designation of this action as a collective action on behalf of the Collective

    Action Members and prompt issuance of notice pursuant to 29 U.S.C. §

    216(b) to all similarly situated members of an FLSA Opt-In Collective,

    apprising them of the pendency of this action, permitting them to assert timely

    FLSA claims in this action by filing individual Consents to Sue pursuant to 29

    U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the

    Collective Action members.

b)  Certification of this case as a class action pursuant to Rule 23 of the Federal

    Rules of Civil Procedure;

c)  Designation of Plaintiffs as representatives to Rule 23 Class and counsel of

    record as Class Counsel;

d)  An award of unpaid overtime pay and an additional and equal amount as

    liquidated damages pursuant to the FLSA and the supporting United States

    Department of Labor regulations;

e)  An award of unpaid overtime pay and an additional and equal amount as

    liquidated damages pursuant to the NYLL and the Wage Order;

f)  An award of statutory penalties equal to two hundred and fifty dollars for each

    workday that Defendant failed to provide Plaintiffs and the NYLL Class with

accurate wage statements, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

g)   An award of statutory penalties equal to fifty dollars for each workday that Defendant failed to provide Plaintiffs and the NYLL Class with proper wage notices, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

h)   An award of back pay for unpaid spread of hour pay that Plaintiffs and the NYLL Class were due under NYLL, the Wage Order, an additional and equal amount as liquidated damages permitted by law pursuant to the Wage Order;

i)   Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the Wage Order;

j)   Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the FLSA;

k)   Prejudgment and post-judgment interest;

l)   An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

m)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total

amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

n) Reasonable attorneys' fees and costs of the action; and,

o) Such other relief that this Court shall deem just and proper.

Date:   New York, New York
        May 6, 2021

                                The Law Offices of
                                Fausto E. Zapata, Jr. P.C.


                                By: _____
                                Fausto E. Zapata, Jr. (FZ-4957)
                                *Attorneys for Plaintiffs*
                                277 Broadway, Suite 206
                                New York, New York 10007
                                Tel. (212) 766-9870
                                Email: fz@fzapatalaw.com


                                Law Offices of Retu Singla, P.C.
                                A Working People's Law Center

                                By: _____
                                Retu R. Singla (RS-5298)
                                *Attorneys for Plaintiffs*
                                11 Broadway, Suite 615
                                New York, New York 10004
                                Tel: 212-884-9104
                                Email: rsingla@workingpeopleslaw.com

34